UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DUKES BRIDGE LLC,

               Plaintiff,                                    MEMORANDUM AND ORDER

           - against -                                10 Civ. 5491 (ILG) (RML)

SECURITY LIFE OF DENVER
INSURANCE COMPANY,

               Defendant.
-------------------------------------------------------x
GLASSER, United States District Judge:

        Plaintiff Dukes Bridge LLC ("Dukes Bridge") brings this action against Security Life of Denver Insurance Company ("SLD") for payment of the death benefits on a life insurance policy. SLD raises an affirmative defense of fraud and brings counterclaims against Dukes Bridge and various trusts and trustees (collectively "counterclaim defendants") for fraud. Currently before the Court is counterclaim defendants' motion to dismiss SLD's claims for attorneys' fees and interest pursuant to Federal Rule of Civil procedure 12(b)(6). For the reasons that follow, counterclaim defendants' motion is hereby GRANTED in part and DENIED in part.

## I. BACKGROUND

        The complex facts of this case are set out in detail in both Magistrate Judge Levy's and the Court's prior orders, familiarity with which is assumed. <u>Dukes Bridge LLC v. Sec. Life of Denver Ins. Co.</u>, No. 10 CV 5491 (ILG)(RML), 2011 WL 2971392, at *1-2 (E.D.N.Y. July 20, 2011); Dkt. No 42, at 1-3. Only the facts relevant to the pending motion are set forth herein. These facts are taken from SLD's operative counterclaim and are accepted as true for purposes of this motion.

1

From October 2007 through January 2008, a person identifying himself as Eugene Mermelstein ("Mermelstein") applied for and received a $10,000,000 life insurance policy from SLD with the E. Mermelstein Irr Trust A ("Trust") as the designated beneficiary. Second Amended Answer, Affirmative Defenses and Counterclaim dated Jan. 26, 2012 ("Countercl.") ¶¶ 99-106, 118 (Dkt. No. 46). On February 20, 2009, Mermelstein died. Id. ¶ 125. Through a series of complex financial transactions, Dukes Bridge acquired the life insurance policy on June 23, 2010 and claimed the death benefits. Id. ¶¶ 127, 129-37.

Dukes Bridge brought this action for payment of the death benefits on November 29, 2010. Complaint ("Compl.") (Dkt. No. 1). SLD raised an affirmative defense of fraud, brought counterclaims alleging that the policy was obtained by fraud, and seeks rescission of the contract and all costs and fees incurred, with interest. Countercl. ¶¶ 59, 128, 138-40. Counterclaim defendants moved to dismiss SLD's claims for attorneys' fees and interest, but not the substantive claims, on February 6, 2012, Mot. (Dkt. No. 47), and SLD filed its opposition on August 31, 2012. Opp'n (Dkt. No. 56). On December 5, 2012, Dukes Bridge filed a letter with the Court declaring the motion fully briefed without filing a reply. Dkt. No. 62.

## II. DISCUSSION

### A. Legal Standard

The counterclaim defendants move to dismiss portions of SLD's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 47. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a counterclaim to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss pursuant to Rule 12(b)(6), the counterclaim must contain "sufficient

2

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In assessing counterclaim defendants' motion to dismiss, the Court can take judicial notice of the insurance application because it is essential to the Counterclaim. Fed. R. Civ. P. 10(c); see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (discussing judicial notice of documents on a motion to dismiss).

**B. Choice of Law**

The parties dispute whether New York or New Jersey law governs the insurance policy. Opp'n at 7-8.[1] SLD alleges that "[t]he insurance application and amendment indicated that they were signed in New Jersey," Countercl. ¶ 102, while Dukes Bridge claims that "[t]he Policy was, for all intents and purposes, a New York policy." Compl. ¶ 21. Although SLD provides little support in its motion for its assertion that New Jersey law applies, in a recent letter to Magistrate Judge Levy discussing a discovery dispute, SLD cites to a verification that it argues constitutes a choice of law clause selecting New Jersey. Dkt. No. 67, at 2-3. The Court agrees.

---

[1] Although the Court previously applied New York law to this action, neither party disputed that New York law applied. Dkt. No. 42, at 7 n.5. Now that the parties have raised the issue, the Court must conduct a choice of law analysis.

Many portions of the insurance contract expressly contemplate being governed by New Jersey law. For example, the verification states that "the laws of the Application State will govern all legal rights and obligations under the contract applied for," and lists the application state as New Jersey. Dkt. No. 9-2, at 13; see also Dkt. No. 1, at 56, 58 (referencing New Jersey law). Therefore, New Jersey law applies. See generally Aguas Lenders Recovery Grp. v. Suez, S.A., 585 F.3d 696, 700 (2d Cir. 2009) (holding that choice of law clauses "are entitled to a presumption of enforceability").

### C. Attorneys' Fees

Under the New Jersey Insurance Fraud Prevention Act ("IFPA"), insurance companies can "recover compensatory damages, which shall include reasonable investigation expenses, costs of suit and attorneys fees." N.J. Stat. Ann. § 17:33A-7(a) (West 2012). "The IFPA was enacted by the New Jersey Legislature 'to confront aggressively the problem of insurance fraud in New Jersey,'" Lincoln Nat'l Life Ins. Co. v. Schwartz, No. 09-03361(FLW), 2010 WL 3283550, at *15 (D.N.J. Aug. 18, 2010) (quoting N.J. Stat. Ann. § 17:33A-2), and should be construed "liberally to accomplish the Legislature's broad remedial goals." Liberty Mutual Ins. Co. v. Land, 892 A.2d 1240, 1246 (N.J. 2006). The IFPA "interdicts a broad range of fraudulent conduct," including "presenting any knowingly false or misleading statement in an insurance application." Land, 892 A.2d at 1245 (citing N.J. Stat. Ann. § 17:33A-4(a)(4)(b)). "[A]ny insurance company that has been damaged as a result of a statutory violation [may] bring a civil action to recover compensatory damages, including reasonable investigations costs and attorneys' fees." Land, 892 A.2d at 1246 (citing N.J. Stat. Ann. § 17:33A-7(a)).

SLD is entitled to attorneys' fees for counterclaim defendants' alleged violations of the IFPA. Although SLD did not plead violations of the IFPA in its Counterclaim, it

adequately pleaded claims for common law fraud. Countercl. ¶¶ 141-58. Pleading facts sufficient to support claims of common law fraud necessarily supports a claim for violations of the IFPA, because "proof of fraud under the IFPA does not require proof of reliance on the false statement or resultant damages nor proof of intent to deceive." Certain Underwriters at Lloyd's of London v. Alesi, 843 F. Supp. 2d 517, 530 (D.N.J. 2011) (citing Land, 892 A.2d at 1246-47, 1250) (quotation omitted). Granting the counterclaim defendants' motion to dismiss or requiring SLD to amend its Counterclaim would exalt form over substance. Since SLD has adequately pleaded violations of the IFPA in its Counterclaim and the IFPA permits insurance companies to recover attorneys' fees, counterclaim defendants' motion to dismiss SLD's claims for attorneys' fees is DENIED. See Schwartz, 2010 WL 3283550, at *16 (holding that the burden of proof and pleading requirements are lower for the IFPA than for common law fraud, and denying a motion to dismiss on similar facts).

### D. Interest

SLD seeks "[p]re-judgment and post-judgment interest at the maximum allowed rate." Countercl. at 23. The counterclaim defendants argue that SLD is not entitled to interest because it already has possession of the insurance premiums paid, Mot. at 5, while SLD responds that it is entitled to interest on an award of attorneys' fees. Opp'n at 11-12.

Under New Jersey law, parties are entitled to post-judgment interest on attorneys' fees. N.J. R. Civ. Prac. 4:42-11(a). However, New Jersey "courts generally refuse to award prejudgment interest on attorney's fees." Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 867 F. Supp. 2d 427, 436 (S.D.N.Y. 2012) (citing N. Bergen Rex Transp. v. Trailer Leasing Co., 730 A.2d 843, 851-52 (N.J. 1999)).

5

Therefore, counterclaim defendants' motion to dismiss SLD's claims for pre-judgment interest is GRANTED, while counterclaim defendants' motion to dismiss SLD's claims for post-judgment interest is DENIED.

### III.   CONCLUSION

For all of the foregoing reasons, counterclaim defendants' motion is hereby GRANTED in part and DENIED in part.

SO ORDERED.

Dated:     Brooklyn, New York
           February 4, 2013

                                            /s/
                                    I. Leo Glasser
                                    Senior United States District Judge